**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
----------------------------------------------------------------------x

**MICHAEL SABELLA,**                                          Civil Action No.
                                                              06 – CV – 6566 (NG)(SMG)
               **Plaintiff,**

   v.

**AMERICAN STEVEDORING, INC., and**
**LOCAL 1814 INTERNATIONAL**
**LONGSHOREMAN'S ASSOCIATION, AFL-CIO,**

               **Defendants.**

----------------------------------------------------------------------x

**MEMORANDUM IN SUPPORT OF**
**DEFENDANT LOCAL 1814'S MOTION IN LIMIINE**

**INTRODUCTION**

In the proposed Joint Pretrial Order, Plaintiff makes two contentions that necessitate this motion in limine. First, on p. 4 of the order, ¶ 8, (ECF#168, at 8) Plaintiff describes a July 27, 2006 letter from the EEOC in which the "EEOC recognized that the Union had failed and refused to assist Mr. Sabella with respect to grievances." A copy of the relevant letter is attached hereto as Exh. A. Aside from the fact that the letter refers explicitly to "allegations," it contains inadmissible hearsay, and as such, may not be introduced by Plaintiff as evidence that Local 1814 failed to process grievances.

Second, on p. 8 at ¶ 28, (ECF# 168 at 12) Plaintiff contends that "Mr. Sabella was also aware that Mr. Pernice and Mr. Catucci have connections to New York Container Terminal and believed that they asserted their influence to have Mr. Sabella removed from the terminal." Mr. Sabella's belief is entirely speculation and completely irrelevant to the claims in this case. Accordingly, Plaintiff should be prohibited from eliciting testimony that speculates about such "influence."

1003-113
40454

ARGUMENT

I.

### THE JULY 27, 2006, LETTER FROM THE
### EEOC IS INADMISSIBLE HEARSAY

The July 27, 2006 letter(Exh. A) from the EEOC is addressed to Robert Bogucki, Esq. It is unsigned, but has a signature line for Patricia M. Araujo, Senior Investigator. Plaintiff has not listed either Ms. Araujo or anyone else from the EEOC as a witness. Accordingly, the contents of the letter are inadmissible hearsay pursuant to Rules 801 and 802 of the Federal Rules of Evidence. Moreover, according to his contention in the pre-trial order, the only reason Plaintiff is submitting the letter is for the truth of the matters asserted within it, therefore, the letter has no independent relevance to any of the claims at issue in this litigation. Accordingly, it should be excluded from evidence altogether pursuant to Rules 401 and 402 of the Federal Rules of Evidence.

II.

### PLAINTIFF SHOULD BE PROHIBITED FROM
### ARGUING OR ELICITING TESTIMONY THAT
### LOUIS PERNICE HAD "INFLUENCE" AT
### NEW YORK CONTAINER TERMINAL

Local 1814 also moves to prohibit Plaintiff from presenting any speculation either in his opening statement or in his testimony about his "belief" that Local 1814 President Louis Pernice "asserted . . . influence to have Mr. Sabella removed from" New York Container Terminal (NYCT) in Staten Island.

The reason this contention should be precluded is two-fold. First, there is absolutely no probative evidence in the record that Pernice wielded any influence on any personnel decision

made by New York Container Terminal, including NYCT's decision to ban Plaintiff. There is only Plaintiff's baseless speculation in his deposition.

Secondly, any such evidence is completely irrelevant to Plaintiff's claims in this case. This Court has repeatedly ruled that Plaintiff has no claims that involve Plaintiff's employment at NYCT. (*See, e.g.*, 4/19/12 Conference, Tr. At 53.) Therefore, any evidence relating to Pernice's supposed influence at NYCT has no relevance to Plaintiff's claims against defendant American Stevedoring, Inc. Such evidence should be excluded pursuant to Rules 401 and 402.

## CONCLUSION

For all the foregoing reasons, Defendant Local 1814 respectfully urges that its motion in limine be granted.

Dated: New York, New York
October 1, 2014

MARRINAN & MAZZOLA MARDON, P.C.

By:  /s/John P. Sheridan
John P. Sheridan
26 Broadway, 17th Fl.
New York, New York 10004
(212) 425-3240
jsheridan@mmmpc.com

*Attorneys for Defendant*
*Local 1814, International*
*Longshoremen's Association, AFL-CIO*

## CERTIFICATE OF SERVICE

  I hereby certify that on October 1, 2014, the foregoing was served via ECF upon all counsel of record.


                 /s/ John P. Sheridan
                   John P. Sheridan