# EXHIBIT A



**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
**New York District Office**

33 Whitehall Street, 5th Floor
New York, NY 10004-2112
(212) 336-3620
TTY (212) 336-3622
General FAX (212) 336-3625

Patricia M. Araujo
Senior Investigator
Phone (212) 336-3681
Fax (212) 336-3790

July 27, 2006

<u>Via U.S. Mail and Facsimile No.: (516) 227-1126</u>

*Local 1814/International Longshoremen's Association, AFL-CIO ("ILA")* **Respondent**
c/o Robert H. Bogucki, Esq.
666 Old Country Road, Suite 601
Ridgewood, N.J. 07450

Re:   <u>*Morales   v.   Local 1814/International Longshoremen's Association, AFL-CIO ("ILA")*</u>
      EEOC Charge No.: 520-2006-00731

      <u>*Sabella   v.   Local 1814/International Longshoremen's Association, AFL-CIO ("ILA")*</u>
      EEOC Charge No.: 520-2006-02915

Dear Mr. Bogucki:

It has come to our attention that your client Local 1814, has allegedly threatened the safety of some of its members, including but not limited to the above Charging Parties, for speaking to the Equal Employment Opportunity Commission ("EEOC and/or the Commission").

The allegations of retaliation against your client also include the refusal by union's officials of assisting them with grievances against their employer, American Stevedoring, Inc. The anti-retaliation provisions of Title VII of the Civil Rights Act of 1964, as amended ("Title VII"), would clearly consider conduct of this nature as unlawful interference of an ongoing EEOC's EEOC's investigation.

In preparation to our on-site visit, we urge you to remind your client of their obligation under the anti-retaliation provisions of the statutes enforced by the Commission and that they should cease conduct that might be interpreted as retaliatory.

Under Section 704(a) of Title VII, it is unlawful for an employer to discriminate against anyone, or for a Union to discriminate against its members or membership applicants, because they have

LU-000176

Page 2 of 2

opposed any practice made unlawful by the statutes, or because they have made a charge, testified, assisted, or participate in any manner in an investigation, proceeding, or hearing under the laws. The Equal Pay Act of 1963, as amended ("EPA"), has similar provisions and Section

503(b) of the ADA prohibits coercion, intimidation, treats or interference with anyone for exercising or enjoying, or aiding or encouraging others in their exercise or employment of, rights under the Act.

Please also communicate to Respondent, that the Equal Employment Opportunity Commission ("EEOC") has a statutory obligation under Title VII of the 1964 Civil Rights Act, as amended, 42 U.S.C. Section 2000e, et seq., to investigate charges of employment discrimination. To fulfill this obligation, Section 709(a) of Title VII provides that the Commission or its designated representative shall at all reasonable times have access to, for the purposes of examination and the right to copy, any evidence of any person being investigated or proceeded against that relates to unlawful employment practices covered by the act and is relevant to the charge under investigation. Section 710 of Title VII incorporates by reference the subpoena authority in Section 11 of the National Labor Relations Act. Section 7(a) of the Age Discrimination in Employment Act of 1967 ("ADEA"), as amended, 29 U.S.C. Section 626(a) incorporates by reference Sections 9 and 11 of the Fair Labor Standards Act of 1938 ("FLSA"), as amended, 29 U.S.C. Sections 209 and 211.

Furthermore, please advised that the Commission may seek additional evidence regarding the allegations in the charge, as well as any evidence relating to other possible violations that may come to light during the course of our investigation, until a determination on merits can be made.

Sincerely,

Patricia M. Araujo
Senior Investigator

cc: File

LU-000177