FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ OCT 28 2014 ★
BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
MICHAEL SABELLA,

                        Plaintiff,

- against -

AMERICAN STEVEDORING, INC., LOCAL
1814, INTERNATIONAL LONGSHOREMEN'S
ASSOCIATION, AFL-CIO,

                        Defendants.
-----------------------------------------------------------------x

ORDER

06-CV-6566 (NG) (SMG)

**GERSHON, United States District Judge:**

Defendant American Stevedoring, Inc. ("ASI"), by motion in limine, seeks summary judgment, with respect to plaintiff Michael Sabella's hostile work environment claim, brought pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e *et. seq.* ("Title VII"), rejecting plaintiff's position that Salvatore Buzzetta, a "machine boss" at ASI, was a "supervisor" as defined by *Vance v. Ball State Univ.*, 133 S. Ct. 2434 (2013), and not a "co-worker."[1] Plaintiff argues that Buzzetta's ability to "check out" plaintiff if he was late to work or left work early rendered Buzzetta a "supervisor."

In *Vance*, the Supreme Court defined a "supervisor" as an employee who is empowered "to take tangible employment actions against the victim, *i.e.*, to effect a 'significant change in employment status, such as hiring, firing, failing to promote, reassignment with significantly different responsibilities, or a decision causing a significant change in benefits.'" *Id.* at 2443 (quoting *Burlington Indus. v. Ellerth*, 524 U.S. 742, 761 (1998)). In so doing, the Court rejected the more

---

[1] The court notes that plaintiff has not responded to ASI's motion to the extent that it seeks dismissal of plaintiff's Title VII hostile work environment claim premised on the negligence theory of liability applicable to "co-workers," as opposed to "supervisors." The parties should be prepared to discuss this issue at the next pre-trial conference. The parties should also be ready to address whether plaintiff can demonstrate that ASI "became a party to [the harassment] by encouraging, condoning, or approving it," under the New York State Human Rights Law, N.Y. Exec. Law §§ 290 *et seq. Forrest v. Jewish Guild for the Blind*, 3 N.Y.3d 295, 311 (2004)) (internal quotation marks omitted).

"nebulous" definition of the EEOC, which tied "supervisor status to the ability to exercise significant direction over another's daily work." *Vance*, 133 S. Ct. at 2443. Thus, under *Vance*, although a harasser may "wield[]" "authority" of some "nature and degree," the harasser is merely a "co-worker" if he does not have the power to take tangible employment actions against the plaintiff. *Id.* at 2451.

*Vance* counsels that, unlike "supervisors," "co-workers" cannot "cause 'direct economic harm'" by, for example, "'dock[ing] another's pay" or "'demot[ing] another'" employee. *Id.* at 2448 (quoting *Ellerth*, 524 U.S. at 762). And, to be considered a "tangible employment action," an employer's action must cause a "*significant* change in benefits." *Vance*, 133 S. Ct. at 2443 (quoting *Ellerth*, 524 U.S. at 761) (emphasis added).

By narrowing the inquiry to whether the employee can take tangible employment actions, the issue "can very often be resolved as a matter of law before trial." *Vance*, 133 S. Ct. at 2450; *accord id.* at 2444, 2449, 2451. Where supervisor status can be determined at the summary judgment stage, "the work of the jury, which is inevitably complicated in employment discrimination cases, will be simplified." *Id.* at 2450.

Here, no reasonable jury could conclude, on the facts plaintiff proffers, that Buzzetta was plaintiff's "supervisor" under Title VII. Sabella does not allege that Buzzetta played any role in hiring him, training him, promoting him, reassigning him significantly different work responsibilities, altering his seniority, suspending him, or terminating him. Instead, plaintiff relies only on Buzzetta's power to "check out" plaintiff if he was late to work or left work early. However, getting "checked out" from work is not a *significant* change in plaintiff's benefits, similar in nature to, for example, getting hired or fired. In addition, Buzzetta's actions did not *directly* cause plaintiff economic harm. Plaintiff proffers no evidence that Buzzetta, acting alone, was empowered to dock Sabella's pay, nor that Buzzetta played any role with respect to the committee that was actually responsible for docking "checked out" workers' pay. Courts applying *Vance* and confronting facts similar to those presented here have

declined to find supervisor status. *See, e.g., McCafferty v. Preiss Enters., Inc.*, 534 F. App'x 726, 731 (10th Cir. 2013) (power of shift manager to send an employee home before the end of a shift if restaurant was overstaffed was insufficient to make him a "supervisor"); *Wiercinski v. Mangia 57, Inc.*, 2014 WL 1672381, at *17 (E.D.N.Y. Apr. 28, 2014) (power to assign jobs, which affected amount earned in tips, was insufficient); *McKinnish v. Donahoe*, 2014 WL 4053519, at *5-*6 (W.D.N.C. Aug. 15, 2014) (ability to assign overtime or regular hours was insufficient).[2]

For the foregoing reasons, Buzzetta was not plaintiff's "supervisor" for purposes of plaintiff's hostile work environment claim brought pursuant to Title VII. Therefore, ASI cannot be held vicariously liable for subjecting Sabella to a hostile work environment under Title VII.

SO ORDERED.

s/Nina Gershon

**NINA GERSHON**
**United States District Judge**

Dated: Brooklyn, New York
October 28, 2014

---

[2] *Vanover v. White*, 2008 WL 2713711 (E.D. Tenn. July 10, 2008), relied upon by Sabella, is not to the contrary. In *Vanover*, it was undisputed that the harasser was a "co-worker," rather than a "supervisor," in the context of the plaintiff's hostile work environment claim. *See id.* at *11. The court decided that sending an employee home was an "adverse employment action" for the purpose of plaintiff's retaliation claim. *See id.* at *12.