# SZAFERMAN LAKIND

Szaferman, Lakind, Blumstein & Blader, P.C.
Attorneys at Law

101 Grovers Mill Road, Suite 200
Lawrenceville, NJ 08648
p: 609.275.0400
f: 609.275.4511
www.szaferman.com

Barry D. Szaferman
Jeffrey P. Blumstein
Steven Blader
Brian G. Paul+
Craig J. Hubert++
Michael R. Paglione*
Lionel J. Frank**
Jeffrey K. Epstein+
Stuart A. Tucker
Scott P. Borsack***
Daniel S. Sweetser*
Robert E. Lytle
Janine G. Bauer***
Daniel J. Graziano Jr.
Nathan M. Edelstein**
Bruce M. Sattin***
Gregg E. Jaclin**
Robert P. Panzer

Stephen Skillman
Linda R. Feinberg
Anthony J. Parrillo
Paul T. Koenig, Jr.
Robert A. Gladstone
Janine Danks Fox*
Richard A. Catalina Jr.*†
Eric M. Stein**
E. Elizabeth Sweetser

Robert G. Stevens Jr.**
Michael D. Brottman**
Benjamin T. Branche*
Lindsey Moskowitz Medvin**
Mark A. Fisher
Robert L. Lakind***
Thomas J. Manzo**
Melissa A. Chimbangu
Bella Zaslavsky**
Kathleen O'Brien**
Steven A. Lipstein**
Yarona Y. Liang#
Brian A. Heyesey
Justin R. Calta

+Certified Matrimonial Attorney
++Certified Civil and Criminal Trial Attorne
*NJ & PA Bars
**NJ & NY Bars
***NJ, NY & PA Bars
#NY Bar
†U.S. Patent & Trademark Office

November 6, 2014

Via ECF
Honorable Nina Gershon, United States District Judge
United States District Court
for the Eastern District of New York
United States Courthouse
225 Cadman Plaza East, Room 1217
Brooklyn, NY 11201

Re: Michael Sabella v. American Stevedoring, Inc. et al.; 06-CV-6566

Dear Judge Gershon:

In Your Honor's Order dated 10/31/2014, which was published on 11/3/2014, Your Honor stated that "Defendant ASI's motion in limine (179) is also now fully resolved." However, issues remain to be resolved.

First, ASI requested that Your Honor decide the amount of damages, as back pay under both Title VII and the New York State Human Rights Law ("NYSHRL") Executive Law §296, is considered equitable relief, which is not the jury's province. ASI did not request a jury trial, and there is no emotional harm or distress claim for the jury to decide. This jury trial issue was raised previously by ASI, and most recently on October 1, 2014 (Document #189) e-filed 10/3/20140, at p. 2. The proposed jury instruction, submitted on October 1, 2014 states:

1344129.1

**SZAFERMAN LAKIND**

Nina Gershon, United States District Judge
November 6, 2014
Page 2

**Instruction No. 12 – Compensatory Damages – Back Pay**

In awarding compensatory damages, you are not to award damages for the amount of wages that Plaintiff would have earned, either in the past or in the future, if he had continued in employment with Defendant. These elements of recovery of wages that Plaintiff would have received from Defendant are called "back pay" and "front pay." Under the statutes applicable here, the determination of "back pay" and "front pay" is for the Court.

Second, ASI requested a ruling limiting back pay to the period before Plaintiff was terminated from New York Container Terminal on Jan. 7, 2007. Your Honor ruled that the parties may introduce evidence about the circumstances of that termination, essentially, whether it was for cause, Tr. 10/31/14 at p. 27-29, relating to Plaintiff's mitigation of damages, however, the formulation of the charge is still outstanding. I have attached ASI's revised proposed jury instruction in this regard.

Third, ASI has requested the factual basis for the back pay (wages) award Plaintiff seeks, as well as the amount and basis for benefits (health insurance, out of pocket, annuity, and container royalty) in Briefs filed 9/22/14 (pp. 16-17), August 7, 2014 (pp.17-18) and April 28, 2014 (p. 16). Your Honor has only ruled on the issue of vacation pay, that it was allowed. However, Plaintiff has yet to identify what any of these amounts are, or to provide the basis therefor. ASI requested that the Court set a deadline to provide this information so that it is not a surprise. Whether the Court or jury determines damages, an economic award cannot be speculative. ASI thus renews its motion in limine on this point.

Similarly, ASI has requested the start and end dates of the Plaintiff's workers compensation and disability periods in 2007, 2008 and 2009. They comprise a substantial number of days that Plaintiff was unavailable for work, yet he is seeking a straight-line projection of wages (and related

1344129.1

**SZAFERMAN LAKIND**

Nina Gershon, United States District Judge
November 6, 2014
Page 3

benefits) based on the pre-suspension period of 2003 – 2006. In that period, there was only one such disability period, from February 8, 2005 to March 17, 2005 (broken toe). Your Honor ruled on October 31, 2014 that Plaintiff was required to provide this data; this has not occurred. ASI renews its motion in limine on this point.

Finally, ASI requested, ASI Brief e-filed 9/22/14, at pp. 6-10 (Document #179), summary judgment on the claim of negligence in allowing a hostile work environment to exist, after Your Honor ruled that Mr. Buzzetta was not Plaintiff's supervisor under Title VII and the New York State Human Rights Law. The transcript does not indicate a denial of that request, and ASI requests ruling on this aspect of its previously filed motion in limine.

At a minimum, the jury charge must reflect the Plaintiff's claim under the NYSHRL and ASI's entitlement to a defense under Title VII and the NYSHRL, including the Farragher/Ellerth defense, which in ASI's view, is not limited to supervisor harassment.

Finally, ASI's revised proposed jury instruction includes an additional sentence on the basis for mitigation of punitive damages, at p. 17.

                                                   Respectfully submitted,
                                                   SZAFERMAN, LAKIND,
                                                   BLUMSTEIN & BLADER, P.C.

                                                   Janine G. Bauer, Esq.

JGB:scj
c.    Justin S. Clark, Esq.
      Russell S. Moriarty, Esq.
      John P. Sheridan, Esq.

1344129.1