# MARRINAN & MAZZOLA MARDON, P.C.
### ATTORNEYS AT LAW
26 BROADWAY, 17TH FLOOR
NEW YORK, NEW YORK 10004

TELEPHONE
(212) 425-3240

FACSIMILE
(212) 943-6649

JOHN P. SHERIDAN
jsheridan@mmmpc.com

November 8, 2014

**VIA ECF**

Honorable Nina Gershon, USDJ
United States District Court for
The Eastern District of New York
United States Courthouse
225 Cadman Plaza East, Room 1217
Brooklyn, NY 11201

Re:   *Michael Sabella v. American Stevedoring, Inc., et al.*; 06-CV-6566

Dear Judge Gershon:

  The undersigned represents Defendant Local 1814, ILA, AFL-CIO in the above-referenced action. Local 1814 respectfully moves this Court for an additional *in limine* ruling prior to the start of trial on Monday November 10, 2014. This request seeks to limit the introduction of irrelevant evidence.

  Plaintiff has repeatedly stipulated that he has a single claim against Local 1814 in this litigation: an alleged violation of the duty of fair representation in processing a grievance arising out of Plaintiff's suspension from employment by defendant American Stevedoring in November 2006. Yet Plaintiff has included on his exhibit list fifteen grievances and one letter involving incidents that occurred from 2009 through 2012. *See* Plaintiff's Exhibits Nos. 32-47 listed on pp. 46-47 of the pre-trial order, ECF Doc. No. 168. Yesterday Plaintiff's counsel confirmed that they still plan to introduce all these exhibits. The Court should preclude Plaintiff from introducing and eliciting testimony involving these exhibits because they have absolutely no relevance to the claim involving the American Stevedoring grievance. All the exhibits evidently involve disputes with employers other than American Stevedoring. Allowing Plaintiff to introduce grievances involving non-party employers will needlessly clutter the record and prolong trial. Moreover, insofar as it appears that Plaintiff wants to use these exhibits to raise new accusations about the union's processing of other grievances, it is not appropriate to allow Plaintiff to use this case to litigate putative DFR claims that he never brought before this Court and are now precluded by the relevant statute of limitations.

  In that regard, this Court has recognized that as part of their defense, Defendants are entitled to introduce evidence showing that Plaintiff was banned by New York Container (NYCT) terminal for misconduct in January 2007. Plaintiff is therefore entitled to introduce evidence showing that he was *not* fired for misconduct. However, Plaintiff should not be allowed to elicit testimony intended to show that--even if he did engage in misconduct--the discipline imposed by NYCT was without just cause, or unduly harsh, or otherwise inconsistent with the NYSA-ILA collective bargaining

Letter to Hon. Nina Gershon, USDJ
November 8, 2014
Page **2** of **2**

agreement. Plaintiff's counsel have indicated that they do intend to elicit such testimony, but this is clearly an attempt by Plaintiff to re-litigate his contractual grievance in this Court and an attempt to litigate a DFR claim that Plaintiff never brought.

Accordingly, Local 1814 respectfully requests the *in limine* ruling described above.

Respectfully yours,

*/s/ John P. Sheridan*

John P. Sheridan

JPS/lt
cc:   All Counsel of Record (***Via ECF***)

1003-113
41737