UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x

MICHAEL SABELLA,

                Plaintiff,

     v.

AMERICAN STEVEDORING, INC., and
LOCAL 1814 INTERNATIONAL
LONGSHOREMAN'S ASSOCIATION, AFL-CIO,

                Defendants.

-----------------------------------------------------------------x

06 – CV – 6566 (NG)(SMG)

## ISSUE

Whether the affidavit of Dominick Fevola is admissible into evidence pursuant to F.R.E. Rule 613(b) as a prior inconsistent statement.

## RELEVANT LEGAL STANDARDS

F.R.E. Rule 613(b) states that "[e]xtrinsic evidence of a witness's prior inconsistent statement is admissible only if the witness is given an opportunity to explain or deny the statement and an adverse party is given the opportunity to examine the witness about it, or if justice so requires."

The considerations that a court should take when determining whether a prior inconsistent statement is admissible pursuant to F.R.E. Rule 613(b) has been clearly articulated in *United States v. Ghailani*, No. S10 98 Crim. 1023 (LAK), 2010 BL 313970 (S.D.N.Y. Dec. 21, 2010) (annexed hereto an "Appendix A").

> First, the Court must determine whether the proffered statement in fact is inconsistent with the testimony sought to be impeached. The test is whether "there is '[a]ny variance between the statement and the testimony

that has a reasonable bearing on credibility.'" Second, the party seeking to offer extrinsic evidence of a prior inconsistent statement must have laid a proper foundation for doing so by affording (a) the witness an opportunity to explain or deny the prior inconsistent statement and (b) the opposite party an opportunity to question the witness about it. Third, the extrinsic evidence of the prior inconsistent statement must be competent and otherwise admissible. Fourth, the impeachment by prior inconsistent statement must relate to a material rather than collateral matter. Finally, even if all of these requirements have been satisfied, the trial court nevertheless may exclude the extrinsic evidence under Rule 403 on an appropriate finding. *Ghailani*, No. S10 98 Crim. 1023 (LAK), 2010 BL 313970, at *2-3.

## APPLICATION OF FACTS

### 1. Mr. Fevola's Testimony Varied with His Sworn Affidavit

In his affidavit, Mr. Fevola specifically averred that he was pressured by Sal Buzzetta and Sal Catucci to make a false statement against Sabella and for ASI. When questioned at trial about whether he felt pressured by Buzzetta and Catucci, Mr. Fevola testified that he felt pressure from all directions. This is inconsistent with his affidavit where he identifies that the pressure came specifically from Buzzetta and Catucci. Likewise, Mr. Fevola specifically averred in his affidavit that he felt threatened in that he believed he would lose his job if he did not provide a false statement in favor of ASI. When questioned at trial whether he felt threatened that he would lose his job if he did not make a false statement, Mr. Fevola denied that he felt he would lose his job if he did not support ASI. This is also inconsistent with his affidavit. This bears specifically on credibility as the witness's memory seemed diminished at trial compared to when he signed his affidavit and he gave conflicting testimony even at trial as to the veracity of his affidavit; at times saying it was all true and at other times saying things contradictory to that position.

2. **A Proper Foundation Has Been Laid**

   a. **Mr. Fevola Had an Opportunity to Explain and Deny the Prior Inconsistent Statement**

Mr. Fevola was given an opportunity to explain, deny, and, in fact, did explain and deny the above areas of the affidavit where he was question; specifically relating to pressure imposed by Buzzetta and Catucci and any threats he felt to his job if he did not support ASI.

   b. **ASI and Local 1814 Had the Opportunity to Cross-Examine Mr. Fevola about His Affidavit**

Both ASI and Local 1814 were aware of the affidavit, were aware that plaintiff may seek to introduce it into evidence, and had the opportunity to cross-examine Mr. Fevola on the affidavit.

3. **The Affidavit is Competent and Otherwise Admissible**

The affidavit is competent and admissible because they are Mr. Fevola's own words which he agreed as true upon being read to him and he acknowledged that he was familiar with the document and he had signed the document. Moreover, the affidavit was signed by Mr. Fevola upon being duly sworn and therefore subject to the penalties of perjury if he intentionally provided false testimony.

4. **The Affidavit Relates to the Material Issue of Whether ASI Employees were Pressured by ASI Management to Give False Statements**

A highly material issue in Sabella's action is whether ASI believed it had legitimate cause to suspend and terminate his employment. If ASI management was instructing, pressuring, or threatening longshoreman to testify against

Sabella, then it would not have a reasonable and legitimate belief that cause existed to take an adverse employment action against Sabella. Mr. Fevola's affidavit goes to the core of that issue and is material to the jury's determination of that issue.

### 5. Admission into Evidence of the Fevola Affidavit Would Not Cause Any Party Unfair Prejudice, Confuse the Issues, or Mislead the Jury

No concern identified by F.R.E. Rule 403 applies in this instance. To the extent that any portion of the affidavit is deemed to violate Rule 403, the offending portions of the affidavit may be redacted or a limiting instruction may be made.

CONCLUSION

For the reasons stated herein and orally if plaintiff may be heard, Plaintiff Sabella respectfully requests that the affidavit of Dominick Fevola be admitted into evidence as "Plaintiff's Exhibit 4".

Respectfully submitted,

LEVINE & BLIT, PLLC

Matthew J. Blit
Russell S. Moriarty
Justin S. Clark
*Attorneys for Plaintiff*