UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------x
MICHAEL SABELLA,

                Plaintiff,

- v. -

AMERICAN STEVEDORING, INC., and
LOCAL 1814 INTERNATIONAL
LONGSHOREMAN'S ASSOCIATION, AFL-CIO,

                Defendants.

-------------------------------------------------------x

ORDER

06-cv-6566

GERSHON, United States District Judge:

On November 21, 2014, a jury found that defendant Local 1814 International Longshoreman's Association, AFL-CIO ("Local 1814") did not violate its duty to fairly represent plaintiff Michael Sabella in connection with his permanent suspension from American Stevedoring Inc. Contending that the jury's verdict was contrary to the evidence, plaintiff renews his motion under Fed. R. Civ. P. 50 for judgment as a matter of law and requests, in the alternative, that his claim against Local 1814 be retried pursuant to Fed. R. Civ. P. 59.

A party is entitled to judgment as a matter of law if there is a "legally insufficient evidentiary basis to find for the [nonmoving] party" on the issue or issues that are the subject of the motion. *See* Fed. R. Civ. P. 50(a)(1). On a Rule 50 motion, the court "must draw all reasonable inferences in favor of the nonmoving party, and it may not make credibility determinations or weigh the evidence." *Cross v. New York City Transit Auth.*, 417 F.3d 241, 247 (2d Cir. 2005). A court may grant a new trial under Rule 59 "'for any reason for which a new trial has heretofore been granted in an action at law in federal court,' including if the verdict is against the weight of the evidence." *Raedle v. Credit Agricole Indosuez*, 670 F.3d 411, 417–18

(2d Cir. 2012) (quoting Fed. R. Civ. P. 59(a)(1)(A)). "A decision is against the weight of the evidence if and only if the verdict is (1) seriously erroneous or (2) a miscarriage of justice." *Id.* (internal quotation, ellipses and bracket marks omitted).

As reflected in the jury charge, duty of fair representation claims are governed by a "highly deferential" standard of review designed to "recognize[e] the wide latitude that [unions] need for the effective performance of their bargaining responsibilities." *Spellacy v. Airline Pilots Association-Int'l*, 156 F.3d 120, 126 (2d Cir. 1998) (internal quotation marks omitted). To prevail, plaintiff was required to show that Local 1814's conduct was "wholly arbitrary, discriminatory, or in bad faith." *Id.* (internal quotation marks omitted)). A union, moreover, has no obligation to pursue a member's grievance if it has determined, after "some minimal investigation," that the claim is unmeritorious, and "only an egregious disregard for union members' rights constitutes a breach of the duty to investigate." *See Klaper v. Cyrpess Hills Cemetery*, 2012 WL 959403, at *8 (E.D.N.Y. Mar. 21, 2012) (internal quotation marks omitted). This is true even where the union "fails to process a grievance due to an error in evaluating the merits of the grievance." *Cruz v. Local Union No. 3*, 34 F.3d 1148, 1154 (2d Cir. 1994). Even when a union fails to meet these minimal requirements, it cannot be held liable unless there is a "causal connection between the union's wrongful conduct and [the plaintiff's] injuries." *Spellacy*, 156 F.3d at 126.

Evaluated against this deferential standard, the jury's verdict here cannot be set aside under Rule 50 or Rule 59. The union was faced with evidence of sharp disputes between Sabella and his coworkers, who were also union members. Union officials acknowledged openly at the trial that they determined that Sabella's grievance was meritless. Crediting testimony provided by union officials, the jury could reasonably have concluded that this determination was made in

2

good faith based on a report by industry EEO officer Alfred Feliu and supplemental investigations undertaken by the employer and union delegate Frank Agosta.

Although Sabella presented evidence at trial from which the jury could have found that Sabella's characterization of his treatment by certain coworkers was likely correct, this was not the issue. The issue was whether the union's determination, at the time, that Sabella was properly suspended was arbitrary, discriminatory, or in bad faith. On that issue, a properly charged jury, presented with all of the facts on which Sabella relies, concluded in favor of the union. Moreover, based upon the evidence, the jury was entitled to conclude that the union's action or inaction was not causally connected to plaintiff's injuries, that is, that vigorous pursuit of plaintiff's grievance would not have resulted in his reinstatement or otherwise have prevented the injuries he alleged.

In sum, there is no basis for overturning the verdict. Plaintiff's motion is denied. The Clerk of Court is directed to enter judgment accordingly.

**SO ORDERED.**

s/Nina Gershon

**NINA GERSHON**
**United States District Judge**

Dated: Brooklyn, New York
May 1, 2015